IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WILLIAM NASIF,

    Plaintiff,

    v.

WHITING PETROLEUM CORP.,
KEVIN S. MCCARTHY, JANET L.
CARRIG, SUSAN M. CUNNINGHAM,
PAUL J. KORUS, LYNN A. PETERSON,
DANIEL J. RICE, and ANNE TAYLOR,

    Defendants.

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS
AND JURY DEMAND**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on March 7, 2022 (the "Proposed Transaction"), pursuant to which Whiting Petroleum Corp. ("Whiting" or the "Company") will be acquired by Oasis Petroleum Inc. ("Oasis"), Ohm Merger Sub Inc. ("Merger Sub"), and New Ohm LLC ("LLC Sub").

2. On March 7, 2022, Whiting's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Oasis, Merger Sub, and LLC Sub. Pursuant to the terms of the Merger Agreement, following the Proposed Transaction, Whiting's stockholders will receive 0.5774

shares of Oasis common stock and $6.25 in cash for each share of Whiting common stock they own.

3. On April 28, 2022, defendants filed a registration statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Whiting common stock.

9. Defendant Whiting is a Delaware corporation and a party to the Merger Agreement.

The Company's principal executive offices are located at 1700 Lincoln Street, Suite 4700, Denver, CO 80203. Whiting's common stock is traded on the New York Stock Exchange under the ticker symbol "WLL."

10. Defendant Kevin S. McCarthy is Chairman of the Board of the Company.

11. Defendant Janet L. Carrig is a director of the Company.

12. Defendant Susan M. Cunningham is a director of the Company.

13. Defendant Paul J. Korus is a director of the Company.

14. Defendant Lynn A. Peterson is a director of the Company.

15. Defendant Daniel J. Rice is a director of the Company.

16. Defendant Anne Taylor is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

18. Whiting is an independent oil and gas company engaged in the development, production and acquisition of crude oil, NGLs and natural gas primarily in the Rocky Mountains region of the United States.

19. The Company's largest projects are in the Bakken and Three Forks plays in North Dakota and Montana.

20. On March 7, 2022, Whiting's Board caused the Company to enter into the Merger Agreement.

21. Pursuant to the terms of the Merger Agreement, following the Proposed Transaction, Whiting's stockholders will receive 0.5774 shares of Oasis common stock and $6.25

3

in cash for each share of Whiting common stock they own.

    22.    According to the press release announcing the Proposed Transaction:

Whiting Petroleum Corporation (NYSE: WLL) ("Whiting") and Oasis Petroleum Inc. (NASDAQ: OAS) ("Oasis") today announced they have entered into an agreement to combine in a merger of equals transaction. The combined company will have a premier Williston Basin position with top tier assets across approximately 972K net acres, combined production of 167.8 thousand boepd, significant scale and enhanced free cash flow generation to return capital to shareholders.

Under the terms of the agreement, Whiting shareholders will receive 0.5774 shares of Oasis common stock and $6.25 in cash for each share of Whiting common stock owned. In connection with the closing of the transaction, Oasis shareholders will receive a special dividend of $15.00 per share. The combined company will have an enterprise value of ~$6.0B based on the exchange ratio and the closing share prices for Whiting and Oasis as of March 4, 2022. Upon completion of the transaction, Whiting shareholders will own approximately 53% and Oasis shareholders will own approximately 47% of the combined company on a fully diluted basis.

Upon closing, Whiting's President and CEO, Lynn Peterson, will serve as Executive Chair of the Board of Directors of the combined company. Oasis' CEO, Danny Brown, will serve as President and Chief Executive Officer and as a member of the Board. The combined company will be headquartered in Houston upon closing but will retain the Denver office for the foreseeable future. The combined company will operate under a new name and is expected to trade on the NASDAQ under a new ticker to be announced prior to closing. . . .

Governance and Leadership

Upon closing, the Board of Directors of the combined company will consist of ten directors, comprising four independent directors from the current Whiting Board, as well as Mr. Peterson, and four independent directors from the current Oasis Board, along with Mr. Brown.

The remainder of the company's leadership team includes Michael Lou, Oasis' CFO, Chip Rimer, Whiting's COO and Scott Regan, Whiting's GC, who will serve in their respective capacities in the combined company.

Timing and Approvals

The transaction, which is expected to close in the second half of 2022, has been unanimously approved by the boards of directors of both companies. The closing

of the transaction is subject to customary closing conditions, including, among others, approval by Whiting and Oasis shareholders.

Advisors

Citi is serving as financial advisor and Kirkland & Ellis LLP is serving as legal advisor to Whiting. Tudor, Pickering, Holt & Co. and RBC Capital Markets LLC are serving as financial advisors and Vinson & Elkins LLP is serving as legal advisor to Oasis.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

23. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

24. As set forth below, the Registration Statement omits material information.

25. First, the Registration Statement omits material information regarding the Company's and Oasis' financial projections.

26. The Registration Statement fails to disclose: (i) all line items used to calculate the financial projections; (ii) a reconciliation of all non-GAAP to GAAP metrics; and (iii) projected net income.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Citi.

29. With respect to Citi's Selected Public Companies Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Citi in the analyses.

5

30. With respect to Citi's Net Asset Value Analyses, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates used in the analyses; (ii) the unlevered, pre-tax free cash flows used in the analyses and all underlying line items; and (iii) the taxes and net debt used in the analyses.

31. With respect to Citi's price target analyses, the Registration Statement fails to disclose: (i) the price targets observed by Citi in the analyses; and (ii) the sources thereof.

32. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

33. Third, the Registration Statement fails to disclose the amount of compensation received by Citi for the past services it provided to Whiting.

34. Fourth, the Registration Statement fails to disclose the timing and nature of all communications regarding post-transaction employment, directorships, and benefits, including who participated in all such communications.

35. Fifth, the Registration Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained "don't ask, don't waive" provisions.

36. The omission of the above-referenced material information renders the Registration Statement false and misleading.

37. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Whiting**

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Whiting is liable as the issuer of these statements.

40. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

41. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

43. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Whiting within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Whiting and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

50. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 18, 2022                  **RIGRODSKY LAW, P.A.**

By:  */s/ Gina M. Serra*
     Gina M. Serra
     825 East Gate Boulevard, Suite 300
     Garden City, NY 11530
     Telephone: (516) 683-3516
     Email: gms@rl-legal.com
     *Attorneys for Plaintiff*

10